UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

ARLYNE MONYEK,

    Plaintiff,

v.

MORTON'S OF CHICAGO/FORT LAUDERDALE LLC,
a Foreign limited liability company, and
FTL 500 CORP., a Florida Profit Corporation

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, ARLYNE MONYEK ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against MORTON'S OF CHICAGO/FORT LAUDERDALE LLC, (referred to hereinafter as "MORTON'S" or "MORTON'S STEAK HOUSE), and FTL 500 CORP. (hereinafter "FTL 500") (collectively referred to hereinafter as "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, *42 U.SC. §12181*, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and alleges as follows:

**INTRODUCTION**

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act, *42 U.S.C. §12101*, *et seq.*

2. Congress found, among other things, the following:

   i. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   ii. Discrimination against individuals with disabilities persists . . .

    iii. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    iv. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

*42 U.S.C §12101 (a)(2), (3), (5) and (8).*

3. Under the ADA, restaurants and bars are places of public accommodations. *42 U.S.C. §12181(7)(B).*

4. The subject property located at 500 E. Broward Blvd., Fort Lauderdale, Florida, is a public accommodation and service establishment under the ADA because it is a restaurant.

5. The subject property is required to be in compliance with the ADA and is presently in violation of the Act.

6. The congressional legislation provided places of public accommodation one-and-a-half years from the enactment of the ADA to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has/had ten or fewer employees and gross receipts of $500,000 or less. *28 C.F.R. §36.508.*

7. Plaintiff has attempted to and has, to the extent possible, accessed the subject property in her capacity as a customer of the subject property, but could not fully do so because of her disabilities and the physical barriers to access, dangerous conditions and ADA violations that exist at the subject property that preclude and/or limit her access to the subject property and

the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including the lack of an appropriate ramp for disabled patrons.

8. Plaintiff greatly enjoys the food prepared and served by Morton's Steakhouse at the subject property, and intends to return to the property in less than six (6) months or sooner, as long as the property is in compliance with the ADA and is accessible to her.

9. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the subject property by failing to remove architectural barriers as required by *42 U.S.C. §12182(b)(2)(A)(iv)*, and will continue to discriminate against Plaintiff and other with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the subject property, including those specifically set forth herein, and make the subject property accessible to, and usable by persons with disabilities, including Plaintiff.

10. Defendants have discriminated against Plaintiff and others with disabilities, by failing to take steps that are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of auxiliary aids and services, in accordance with *42 U.S.C. §12182(b)(2)(A)(iii)*, when doing do would not result in an undue burden on Defendants.

## JURISDICTION

11. This is an action for declaratory relief and injunctive relief pursuant to Title III of the Americans with Disabilities Act, *42 U.S.C §12181*, *et seq*.  This Court has original jurisdiction over the action pursuant to *28 U.S.C. §§1331* and *1343*.

12. Venue is proper pursuant to *28 U.S.C. §1391* and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the existing barriers and subject property are located in Broward County, Florida.

## PARTIES

13. At all times material hereto, Plaintiff, ARYLENE MONYEK, has been a resident of the Southern District of Florida, is *sui juris*, suffering from a bona fide disability as defined by the ADA. More specifically, Plaintiff is unable to walk without the assistance of a walker and suffers from significant limitations to her ability to walk.

14. More specifically, Plaintiff has been diagnosed with osteoarthritis in her hands, right knee and left shoulder.

15. In addition, Plaintiff has had two (2) full hip replacements and one (1) full knee replacement. Plaintiff is unable to take regular strides and is rendered completely immobile without her walker; at times, Plaintiff is confined by a wheelchair. Plaintiff's disability substantially limits her in performing one or more major life activities, including but not limited to walking, standing, sitting, stepping, traversing stairs, ambulating, bathing, cleaning, cooking, dressing, driving, grasping and/or pinching, and the vast majority of daily life functions. Indeed, because of Plaintiff's disabilities, she has two (2) full-time aids that help her to perform the daily life functions that she is incapable of performing alone.

16. Plaintiff's doctors consider her disabled, and issued her a handicap parking sticker about three (3) years ago.

17. Plaintiff takes medicine to help reduce the limitations imposed by her osteoarthritis.

18. Plaintiff uses a walker that doubles as a wheelchair; when she cannot walk, her aid pushes her in the walker/wheelchair.

19. Plaintiff's access to the business located at 500 E. Broward Boulevard, Fort Lauderdale, Florida, 33301, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited due to these permanent disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the property, including those set forth in this Complaint.

20. At all times material hereto, Defendant, MORTON'S OF CHICAGO/FORT LAUDERDALE LLC ("Morton's"), was a foreign limited liability company authorized to do business in the Broward County, Florida. More specifically, Morton's engaged in the business of operating a restaurant called Morton's Steak House, located at 500 E. Broward Boulevard, Fort Lauderdale, Florida, 33301.

21. At all times material hereto, Morton's was and is a place of public accommodation as defined by the ADA.

22. At all times material hereto, upon information and belief, Defendant, FTL 500 CORP. ("FTL 500") was a Florida for profit corporation and was the owner and operator of the Broward Financial Center, located at 500 E. Broward Boulevard, Fort Lauderdale, Florida, 33301. Upon information and belief, CGS owns, leases, or leases to the subject property to Morton's Steak house located at 500 E. Broward Boulevard, Fort Lauderdale, Florida, 33301, which is owned and operated by Morton's.

## **GENERAL ALLEGATIONS**

23. In September 2019, Plaintiff visited Morton's Steak House located at 500 E. Broward Boulevard, Fort Lauderdale, Florida, 33301, (the "subject property" or "Property"). Morton's is located and operated on property that is leased to it by FTL 500.

24. Plaintiff intends to return to the subject property for dinner, if the subject property becomes accessible to her.

25. When Plaintiff traveled to the subject property as a customer of Morton's Steak House in September 2019, she encountered barriers to access at the subject property that are detailed in this Complaint. As a result of Plaintiff's encounter with the subject property's barriers, she suffered harm and injury, and will continue to suffer such harm and injury from the illegal barriers and ADA violations discussed herein.

26. More specifically, when Plaintiff arrived at the valet of the subject property, she exited the front passenger seat of a vehicle.  Plaintiff then became aware that no wheelchair-accessible or walker-accessible ramp existed in sight. Because she was told that the nearest accessible ramp was very far from the front door of the restaurant, Plaintiff was forced to engage dangerous physical barriers in her ingress and egress of the subject property.

27. The subject property poses significant safety issues to Plaintiff because of its failure to provide patrons with an accessible entry point from the valet.

28. The subject property deprived Plaintiff of the full and equal enjoyment of its services, facilities, privileges, advantages, and/or accommodations by failing to make its valet and entrance handicap accessible.

29. Defendants' failure to include a ramp at the subject property's valet can be rectified without causing an undue hardship on Defendants and would make the subject property accessible to individuals with disabilities, such as Plaintiff.

30. Defendants' valet failed to provide an accessible route and/or curb ramp whereby Plaintiff could safely and reasonably access the subject property from the valet, in violation of the ADAAG § 4.6.6.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff re-avers and re-alleges the allegations set forth in Paragraphs 1 through 30 above as though set for fully herein.

32. The ADA defines illegal discrimination as including the following:

> A failure to take steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

*42 U.S.C §12182(b)(2)(A)(iii)*

33. The ADAAG § 4.1.2(e) specifically provides the following: "Valet parking: Valet parking facilities shall provide a passenger loading zone complying with 4.6.6 located on an accessible route to the entrance of the facility."  ADAAG § 4.6.6 specifically provides the following:

> Passenger loading zones shall provide an access aisle at least 60 in (1.525 mm) wide and 20ft (240 in)(6199 mm) long adjacent and parallel to the vehicle pull-up space. ***If there are curbs between the access aisle and the vehicle pull up space, then a curb ramp complying with 4.7 shall be provided.*** Vehicle standing spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

34. Defendants are in violation of the ADA, ADAAG §§ 4.1.2(e), 4.6.6, and 4.7 because there is a curb between the access aisle and the vehicle pull up space at the subject property's valet without any curb ramp whatsoever.

35. The subject property, and route from the valet to the Morton's Steakhouse, is legally required to be, ***but is not***, in compliance with the ADA.

36. The route from the valet to the subject property fails to provide a safe, appropriate, or lawful means of entry onto the subject property.

37. Compliance with the ADA and ADAAG is readily achievable, and would not constitute an undue burden on Defendants, and would in no manner (and certainly not in a fundamental manner) alter the nature of the goods, services, facilities, privileges, advantages accommodations being offered at the subject property's businesses, because other areas of the building contain the accessible curb ramps, and the subject property could easily place a curb ramps at its valet entrance.

38. Defendants have nevertheless failed to implement a compliant route from point of public entry through the valet to the subject property, or to implement any compliant or appropriate manner by which individuals with walking aids and/or wheelchairs may access the subject property at issue.

39. Plaintiff will return to subject property immediately after the installation and implementation of ADA compliant means by which individuals with severe walking impairments safely enter the subject property from the valet without risking bodily injury or other property damage, in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered therein; however, in light of Plaintiff's disability, unless and until Defendants are brought into compliance with ADA and ADAAG, Plaintiff will remain unable to fully,

property and safely access the subject property's Morton's Steakhouse and/or the goods, services, facilities, privileges, advantages and/or accommodations at issue.

40. As a result of the foregoing, Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the subject property. Defendants' discrimination is specifically prohibited by *42 U.S.C §12182, et seq*.

41. Moreover, Defendants will continue to discriminate against Plaintiff and other with disabilities unless and until it is compelled by this Court to remove all physical barriers at issue and to make the subject property fully accessible to and usable by persons with disabilities, including Plaintiff.

42. Plaintiff is without an adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA and ADAAG violations that exist upon the subject property, including those set forth herein.

43. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alterations and modifications so as to make the subject facility readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and ADAAG.

WHEREFORE, for the foregoing reasons, Plaintiff, ARLYNE MONYEK, respectfully requests that this Honorable Court enter judgment in her favor and issue injunctive relief against Defendants, MORTON'S OF CHICAGO/FORT LAUDERDALE LLC, and FTL 500 CORP. to become fully compliant with Title III of the ADA, and award Plaintiff recovery of attorney's fees

and costs, and all such other relief as is deemed just and equitable under the circumstances of this case.

**Dated this 2nd day of December 2019.**

                                              Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Arlyne Monyek*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com
Stephanie@jordanrichardspllc.com
Mike@usaemploymentlawyers.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on December 2, 2019.

                                              By: */s/ Jordan Richards*
                                              JORDAN RICHARDS, ESQUIRE
                                              Florida Bar No. 108372

**SERVICE LIST:**